

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODOLFO SANCHEZ, as Parent and Next Friend )
of JOEL SANCHEZ, a minor, NOEMI SANCHEZ, )
a minor, and DAVID SANCHEZ, a minor )
)
                Plaintiffs, )   No. 05 C 6506
)
v. )
)   Wayne R. Andersen
The TOWN OF CICERO, a Municipal Corporation, )   District Judge
And Town of Cicero Police Officers JERALD RODISH, )
PAUL BREDEMEIER, DEREK EVITT, WALTER )
COLLINS, and RHONDA ANN GROSS )
)
                Defendants. )

## **MEMORANDUM, OPINION AND ORDER**

Rodolfo Sanchez, on behalf of himself and minor children Joel, Noemi, and David, filed this lawsuit against the Town of Cicero and Cicero police officers Jerald Rodish, Paul Bredemeier, Derek Evitt, Walter Collins, and Rhonda Ann Gross for alleged civil rights violations under 42 U.S.C. § 1983 and state law violations including negligent and intentional infliction of emotional distress, and negligent hiring and retention. Defendants Town of Cicero, Rodish, Bredemeier, Evitt, Collins, and Gross filed motions to dismiss all counts of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, we grant the defendants' motion to dismiss Count I, with respect to the Town of Cicero only. We grant the defendants' motion to dismiss Count IV, the negligent hiring and retention claim against the Town of Cicero. The Town of Cicero's motion to dismiss the punitive damages allegations against it in all

counts is granted. Moreover, we grant defendants Collins' and Gross' motions to dismiss all counts against them. Finally, we deny defendants' motion to dismiss Counts II and III.

## BACKGROUND

Plaintiffs assert that on the afternoon of October 7, 2005, Joel Sanchez was in front of his home in Cicero, Illinois accompanied by Benjamin Rivera. At approximately 2:20 p.m., Cicero Police Officers approached in a vehicle at which time Rivera ran away from the home. Police officers Jerald Rodish and Paul Bredemeier approached Joel who remained at the front of the home. Plaintiffs claim Rodish grabbed Joel by the neck, threw him hard up against the police car, placed Joel in handcuffs and threw him inside a police car. Shortly thereafter Noemi Sanchez, returning from school, approached the home and the officers. She was questioned as to the whereabouts of Rivera. Plaintiffs assert that upon stating she had no knowledge of Rivera's current location, Rodish handcuffed Noemi, told her she was under arrest, and placed her in the rear seat of the police car. David Sanchez then arrived home. After seeing the police and his siblings in police cars, David attempted to use his cellular phone to call his father, Rodolfo Sanchez. Plaintiffs allege Rodish and Bredemeier immediately approached David, asked him to identify himself, then confiscated his cell phone, handcuffed him, and placed David in the rear seat of the police car.

Joel, Noemi, and David were transported to the Cicero Police Station where they were placed on a bench and remained handcuffed. Plaintiffs claim that Rodish and Bredemeier made racist comments to the minors while questioning them. Plaintiffs

allege that Joel, unable to answer a question posed by Bredemeier, was slapped across the face by Bredemeier, leaving a temporary red mark on Joel's face.

Plaintiffs also assert that when Joel informed Rodish and Bredemeier that he suffered from asthma and was having difficulty breathing, the officers responded with laughter. Rodish and Bredemeier allegedly later removed Joel's jacket and sweater and placed him in a cold holding room with his brother David. Plaintiffs allege Joel's asthma was greatly affected by the cold room, and David was ignored, when calling for help for his brother. Plaintiffs claim Joel's asthma was worsened as a result of the cold conditions of the holding room and the stress of the detention.

Noemi was allegedly held in a separate room where Rodish, Bredemeier, and Derek Evitt subjected her to sexually explicit questions and comments. Noemi asked to call her father, but the officers refused. David also asked to contact their father, but the officers again refused.

According to the complaint, the officers allowed David to contact the minors' father Rodolfo after three hours of detention. At approximately 7:00 p.m., Rodolfo arrived at the Cicero Police Station where Rodish and Bredenmeier allegedly refused to provide him with any information regarding his children. At approximately 8:00 p.m., Rodolfo became extremely nervous and suffered a stroke. Paramedics removed Rodolfo from the police station and transported him to the hospital. Plaintiffs allege Rodish and Bredemeier told the minors still in custody that their father had suffered a heart attack and died, attributing his death to the children's actions.

After approximately nine hours in custody, Joel, Noemi, and David were released to their older sibling, Elizabeth Gonzalez. At that time, the minors were notified by Gonzalez that their father had in fact not died.

According to the complaint, defendants violated federal civil rights laws and several state laws during the arrest and detention of minor plaintiffs on October 7, 2005. Count I of plaintiff's complaint alleges excessive force under 42 U.S.C. § 1983 in the detention and arrest of Joel, Noemi, and David Sanchez in violation of the Fourth Amendment's protection against unreasonable seizures. Count II asserts defendants violated Illinois state law in a failure to exercise reasonable care in detaining and arresting the minor plaintiffs causing negligent infliction of emotional distress to all plaintiffs. Count III claims defendants intended to cause severe emotional distress to all plaintiffs through their conduct on October 7, 2005. Finally, Count IV asserts the Town of Cicero negligently hired and retained Jerald Rodish and knowingly allowed Rodish to pose a danger to plaintiffs. Defendants filed a motion to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.

## DISCUSSION

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all facts alleged in the complaint as true and draw reasonable inferences in favor of plaintiff. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). A complaint need only contain enough facts so as to put the defendant on notice of the claim. *Flannery v. Recording Industry Association of America*, 354 F.3d 632, 639 (7th Cir. 2004). Therefore, plaintiff's complaint will only be dismissed if it is clear that the plaintiff

4

cannot prove a set of facts to support his allegations which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003).

### I. Count I - Excessive Force under 42 U.S.C. § 1983

In order to successfully plead a cause of action against a municipality under 42 U.S.C. § 1983, the plaintiff must allege unconstitutional conduct by a municipal employee that was perpetrated according to a municipal "policy" or "custom" and which directly caused plaintiff's injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Sims v. Mulcahy*, 902 F.2d 524, 542 (7th Cir. 1990). A municipality's policy can violate an individual's civil rights in three ways: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an individual with final policymaking authority within the municipality caused the constitutional injury. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

The Town of Cicero asserts in its motion to dismiss that plaintiffs have failed to allege that a policy, practice, or custom of the Town of Cicero was the cause plaintiffs' alleged injury. We agree. The plaintiffs' first amended complaint fails to meet the pleading requirements for a section 1983 claim against a municipality. Plaintiffs have failed to allege that the unconstitutional conduct of the municipal police officers was perpetrated according to any policy or custom of the Town of Cicero. There are no allegations as to an express policy of the Town of Cicero endorsing excessive force by the police. There are also no allegations that use of excessive force is a widespread practice

within the Town of Cicero police department amounting to a well-settled custom. Finally, plaintiffs have not alleged their constitutional deprivations were a result of the conduct of an individual with final policymaking authority in the Town of Cicero.

Consequently, the defendants' motion to dismiss Count I of plaintiff's first amended complaint is granted as to the Town of Cicero only. However, plaintiffs are granted leave to file a second amended complaint.

## II. Count II – Negligent Infliction of Emotional Distress

To plead a claim of negligent infliction of emotional distress, the plaintiff must prove the traditional elements of negligence: duty, breach, causation, and damages. *Corgan v. Muehling*, 143 Ill. 2d 296, 306 (1991). Direct victims of the negligent act need not allege physical symptoms of emotional distress. *Id.*

Defendants argue Count II of the complaint must be dismissed as it fails to specifically allege whether plaintiffs were direct victims or bystanders of the alleged negligent infliction of emotional distress. Furthermore, defendants assert plaintiffs have not specifically pleaded any impact or injury which resulted from the negligent infliction of emotional distress.

We find plaintiffs' allegations in the first amended complaint are sufficient to state a claim for negligent infliction of emotional distress. Plaintiffs allege that defendants had a duty to exercise reasonable care in detaining and arresting plaintiffs. Plaintiffs also assert that defendants breached that duty when they used excessive force in detaining and arresting plaintiffs. Finally, plaintiffs claim that defendants' negligent acts were the direct

and proximate cause of plaintiffs' severe emotional distress and physical injury. Having alleged facts sufficient to show the elements of negligent infliction of emotional distress, the defendants' motion to dismiss Count II is denied.

### III. Count III – Intentional Infliction of Emotional Distress

To plead a claim of intentional infliction of emotional distress under Illinois law, plaintiff must allege: (1) defendant's conduct was extreme and outrageous; (2) defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) defendant's conduct did in fact cause severe emotional distress. *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006). Conduct is considered extreme and outrageous when it goes "beyond all bounds of decency and [is] considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 447, 490 (7th Cir. 2001).

Defendants assert that the alleged conduct by the Town of Cicero police officers does not constitute extreme and outrageous conduct. We disagree. Plaintiffs' assertions as to defendants' conduct on October 7, 2005 could constitute extreme and outrageous conduct. Several of plaintiffs allegations, taken as true, support this conclusion: (1) defendants' detention of minor plaintiffs for almost nine hours, all the while handcuffed; (2) defendants' denial of parental notification of detention for over four hours; (3) defendants' racial degradation and sexual harassment of the minors; (4) defendants' physical assault of the youngest plaintiff; (5) defendants' intentional holding of an asthmatic minor with inadequate clothing, caused by defendants' removal of minor's

sweatshirt, in a room with insufficient heat; (6) defendants' intentional prevention of parent plaintiff from obtaining information regarding his minor children; and (7) defendants' misrepresentation to minors about their father suffering a heart attack in the police station and dying as a result of the minors' "bad acts." Under these facts, assumed to be true for the purposes of this motion, plaintiffs have made sufficient allegations to support a claim for intentional infliction of emotional distress. Defendants' motion to dismiss Count III is, therefore, denied.

IV.       **Count IV – Negligent Hiring and Retention**

To state a claim for negligent hiring and retention, a plaintiff must show that the employer knew or should have known that the employee was unfit for the job so as to create a danger of harm to third persons. *Bates v. Doria*, 150 Ill. App. 3d 1025, 1030-31 (2d Dist. 1986). An employer may be liable even when the actions by the employee which caused injury to another are outside the scope of his employment. *Id.* at 1031. However, the person injured must show that the employer's negligence in hiring or retaining the employee proximately caused the injury. *Id.*

The Town of Cicero asserts that it is immune from liability for negligent hiring and retention under the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"). We agree. Section 2-201 of the Act states that a public employee in a position of exercising discretion is not liable for an injury resulting from the exercise of that discretion. 745 ILCS 10/2-201 (West 2004). The decision to hire and retain a police officer is inherently a discretionary act. *Johnson v. Mers*, 279 Ill. App. 3d 372, 380 (2d

Dist. 1996). Therefore, any employee of the Town of Cicero with the authority to hire and retain officers for the Town of Cicero Police Department could not be held liable for any injury caused by that discretionary act. Section 2-109 of the Act states that a local public entity is not liable for the acts of its employees where the employee is not liable. 745 ILCS 10/2-109 (West 2004). Therefore, based on sections 2-201 and 2-109 of the Act, the Town of Cicero is not liable for the discretionary acts of hiring and retention. Consequently, defendants' motion to dismiss Count IV is granted.

## V. Punitive Damages

The Town of Cicero properly asserts that punitive damages are not permitted against a municipality in Illinois. 745 ILCS 10/2-102 (West 2004). Section 2-102 of the Illinois Code specifically states: "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102. Accordingly, the motion to dismiss the punitive damages requests throughout the complaint is granted with respect to the Town of Cicero.

## VI. Walter Collins' and Rhonda Ann Gross' Motions to Dismiss

Defendants properly assert that plaintiffs' first amended complaint does not contain any factual allegations against either Walter Collins or Rhonda Ann Gross. In fact, neither defendant's name appears anywhere in the complaint except for the caption. When a complaint fails to allege specific acts or conduct by the defendant, and the complaint is silent as to the defendant except for his or her name listed in the caption, the

complaint shall be dismissed with respect to that defendant. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Therefore, defendants Collins and Gross's motions to dismiss are granted.

## CONCLUSION

For the abovementioned reasons, the motions to dismiss filed by defendants Town of Cicero, Paul Bredemeier, Derek Evitt, and Jerald Rodish are granted in part and denied in part. (## 16, 36, 40, 44). The Town of Cicero's motion is granted as to Counts I and IV of the complaint and granted with respect to the plaintiffs' claims for punitive damages against the Town. The Town of Cicero, Bredemeier, Evitt, and Rodish's motions to dismiss are denied as to Counts II and III of the first amended complaint. Defendants Bredemeier, Evitt, and Rodish's motions to dismiss as to Count I are denied. Defendants Collins' (# 38) and Gross' (# 42) motions to dismiss are granted.

Plaintiffs are given leave to file a second amended complaint by April 20, 2007.

IT IS SO ORDERED.

Wayne R. Andersen
United States District Judge

Dated: March 15, 2007